<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MASIMO CORPORATION, | : |
| : | Civil Action No.  15-0457 (SDW)(SCM) |
| Plaintiff/Counterclaim-Defendant, | : |
| v. | : **OPINION** |
| : | |
| MINDRAY DS USA, INC, SHENZHEN | : September 1, 2015 |
| MINDRAY BIO-MEDICAL | : |
| ELECTRONICS CO., LTD, & MINDRAY | : |
| MEDICAL INTERNATIONAL LTD. | : |
| : | |
| Defendant/Counterclaim-Plaintiff. | : |

**WIGENTON**, District Judge.

Before this Court are five motions:

1) Motion to Remand this matter to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) filed by Masimo Corporation ("Masimo" or "Plaintiff") (Dkt. No. 19);

2) Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6), or alternatively, a stay of this matter pending the resolution of a related case captioned *Masimo Corporation v. Mindray DS USA Inc., et al.*, Docket No. 8:12-CV-02206-CJC-JPR, currently before the United States District Court for the Central District of California ("the California Action") filed by Defendant Mindray DS USA Inc. ("Mindray DS") (Dkt. No. 5);

3) Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(2) and 12(b)(6) filed by Defendant Mindray Medical International Ltd. ("MMIL" or "Mindray International")  (Dkt. No. 6);

4) Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12 (b)(2) and 12 (b)(6) filed by Defendant Shenzhen Mindray Bio-Medical Electronics Co., Ltd. ("Shenzen" or "Shenzen Mindray") (Dkt. No. 7); and

5)  Cross-motion to Dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) filed by Masimo (Dkt. No. 24).

This Court heard oral argument on July 1, 2015. Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  Venue is proper pursuant to 28 U.S.C. § 1391. For the reasons set forth below, this Court will grant Plaintiff's motion to remand the state law claims, Defendants' antitrust counterclaims, and Plaintiff's antitrust counter-counterclaims to the Superior Court of New Jersey, stay Defendants' patent counterclaims and as well as Plaintiff's patent counter-counterclaims pending the resolution of the California action, decline to exercise supplemental jurisdiction over Defendants' counterclaims and Plaintiff's counter-counterclaims that are based upon state law, and dismiss as moot Defendants' motions to dismiss and Plaintiff's cross-motion to dismiss Defendants' counterclaims.

**<u>FACTUAL AND PROCEDURAL HISTORY</u>**

Masimo, a Delaware corporation based in California, is a global medical technology company that develops, manufactures and sells noninvasive patient monitoring technologies for use in medical equipment manufactured and sold by Masimo as well as for use in medical devices that are developed, manufactured, marketed, and sold by other companies.

2

Defendants consist of three entities: (1) Mindray DS, a Delaware corporation headquartered in Mahwah, New Jersey, imports, markets, sells, and distributes medical equipment in the United States, including noninvasive monitoring technologies; (2) Shenzen Mindray, a Chinese corporation, develops, manufactures, markets, exports and sells medical equipment worldwide; and (3) Mindray International, a Cayman Islands corporation headquartered in Shenzen, China, is the parent company of Shenzen Mindray and Mindray DS, which, according to defendants, is essentially "a holding company that conducts no material business activity." Mindray DS's Brief in Supp. Motion to Dismiss, Dkt. No. 5, p. 2.

**A. The California Action**

On December 21, 2012, Masimo filed claims of patent infringement against Mindray DS and Shenzhen Mindray in the Central District of California. <u>See</u> Declaration of Jonathan Israel ("Israel Decl."), Ex. D (Masimo's original complaint in the California Action). Masimo accused Mindray DS and Shenzhen Mindray of infringing nine (9) patents that all relate to pulse oximetry technology, which is covered by a 1997 Restated Purchasing and Licensing Agreement (the "1997 Agreement") between Masimo and Mindray DS.[1] The 1997 Agreement contained a forum selection clause designating New Jersey as the proper forum for disputes arising from that agreement. In addition, Masimo asserted six non-patent state law claims against Shenzhen Mindray only, namely: (I) breach of contract, (II) breach of the covenant of good faith and fair dealing, (III) accounting, (IV) interference with prospective economic advantage, (V) declaratory relief, and (VI) unfair competition. <u>See</u> Israel Decl., Ex. D, at ¶¶ 102-144. These non-patent claims relate to the Chinese Mindray Agreement (aka "the Shenzen Agreement"), and amendments

---

[1] Although the 1997 Agreement was actually signed by Mindray DS's predecessor-in-interest, Datascope Corp., Mindray DS became bound by the Agreement when it acquired Datascope Corp. in 2008.

thereto, entered into between Masimo and Shenzen Mindray in 2002, and effective between 2003 and 2012. [2] See id. ¶¶ 31-54.

On February 4, 2013, Mindray DS moved to dismiss the California Action for improper venue or, in the alternative, to sever and transfer the portion of the case relating to the 1997 agreement to the District of New Jersey. On February 28, 2013, the California court determined that the forum selection clause in the 1997 Agreement required Masimo to pursue its claims against Mindray DS in the District of New Jersey, if at all.  Consequently, Shenzhen Mindray became the sole defendant in the California Action.  Shenzhen Mindray subsequently moved for judgment on the patent infringement claims, arguing that as a Chinese entity, it did not engage in infringing acts within the United States. Masimo responded that the patent infringement claims against Shenzhen Mindray were premised upon the U.S.-based infringing acts of its subsidiary, Mindray DS.  The California court ruled against Masimo, dismissing the patent infringement claims alleged against Shenzhen Mindray.

On August 5, 2013, Masimo filed an Amended Complaint in the California Action in which it continued to base its infringement claims against Shenzhen Mindray on the alleged infringing acts of Mindray DS.  In response, Shenzhen Mindray filed extensive counterclaims for relief including multiple claims asserting non-infringement, invalidity, and unenforceability of the patents that Masimo alleges Mindray DS directly infringes. Additionally, Shenzhen Mindray alleged multiple antitrust counterclaims directly related to its patent counterclaims. Shenzhen Mindray's counterclaims are also based, in part, on Shenzen Mindray's allegation that Masimo violated the 1997 Agreement.

---

[2] Mindray DS is not a party to the Chinese Mindray Agreement, which expired in 2012.

**B. The New Jersey Action—First Removal & Remand (Civil Action 2:14-cv-0405-SDW-MCA)**

On December 11, 2013, Masimo filed suit in the Superior Court of New Jersey against Mindray DS, Shenzhen Mindray, and Mindray Medical. However, Masimo did not assert the patent infringement claims against Mindray DS that had been previously dismissed in the California Action pursuant to the forum selection clause. Instead, Masimo asserted only state law and contract claims arising under the 1997 Agreement. Specifically, Masimo claimed Mindray DS and its affiliates breached the 1997 agreement by failing to adopt "primarily" Masimo's pulse oximetry technology in manufacturing their products as provided by the agreement after Mindray DS became affiliated with Shenzen Mindray and Mindray Medical. The causes of action alleged are: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Declaratory Relief; (4) Tortious Interference with Prospective Economic Advantage; (5) Tortious Interference with Contract. See Dkt. No. 1, Notice of Removal.

On January 17, 2014, Mindray DS filed its Notice of Removal to federal court. It claimed, *inter alia*, that this Court has original jurisdiction over its anticipated patent infringement counterclaims pursuant to 28 U.S.C. § 1454. See Dkt. No. 1. On January 27, 2014 Mindray DS moved to dismiss or stay the action based on the first-filed rule arguing that the New Jersey action was duplicative of the pending California Action. See Dkt. No. 2. Thereafter, Masimo sought remand on the ground that Defendants had not properly pled the patent infringement counterclaims upon which removal was based at the time that the Notice of Removal was filed. See Dkt. No. 13. Mindray DS responded that its express assertion in its Notice of Removal of its intention to allege patent counterclaims should suffice to confer jurisdiction upon this Court. See Dkt. No. 15. Masimo countered that a party must assert its federal claims in an affirmative pleading, such as a

complaint or an answer, which must be duly filed prior to removal to federal court. Dkt. No. 17 at 10.

After Plaintiff's Motion to Remand had been fully briefed, on May 21, 2014, Mindray DS filed its Answer and Counterclaims. See Dkt. No. 34.  In a letter dated June 3, 2014, Mindray DS contended that its recently filed Answer and Counterclaims rendered Plaintiff's pending Motion to Remand moot, and requested that Plaintiff withdraw the motion. See Dkt. No. 39, Ex. A. Plaintiff maintained that removal remained improper under 28 U.S.C. § 1454 because Mindray DS's Answer and Counterclaims asserting federal counterclaims did not predate the Notice of Removal. See Dkt. No. 39, Ex. B.

In a report and recommendation ("R&R") filed on June 11, 2014, (then Magistrate) Judge Arleo recommended that the matter be remanded to the Superior Court of New Jersey. See Dkt. No. 46. Judge Arleo noted that failure to remand might result in a federal court ruling on purely state law issues before any federal claims have been duly asserted in the case. This Court adopted Judge Arleo's R&R and remanded the matter to state court. See Dkt. No. 60, Order Adopting R&R.


**C. The New Jersey Action—Second Removal (Civil Action 2:15-cv-00457-SDW-SCM)**

On January 22, 2015, Plaintiff filed the instant matter in the Superior Court of New Jersey; Defendants filed a Notice of Removal on the same day.  Dkt. No. 1, Notice of Removal, ¶12. Defendants base removal on: (1) their duly asserted patent and antitrust counterclaims, and (2) Plaintiff's patent and antitrust counter-counterclaims.[3] See generally Defs.' Mem. in Opp'n to

---

[3] On February 26, 2015, Plaintiff filed patent and antitrust counter-counterclaims in response to Defendants' patent and antitrust counterclaims. See Dkt. No. 22, Pl. Answer to Counterclaim and Counter-Counterclaim.

Mot. to Remand, Dkt. No. 34.  The following is a summary of the motions pending before this Court:

### a. Masimo's Motion to Remand

Plaintiff moves to remand this matter to state court. <u>See</u> Dkt. No. 19. Plaintiff asserts that remand should be granted for five reasons: (1) the relevant removal statute precludes review of the permissive, non-compulsory, patent counterclaims at issue here, (2) antitrust counterclaims do not provide a basis for removal, (3) there is no basis for this Court to exercise supplemental jurisdiction over Plaintiff's underlying state contract claims, (4) Defendants' removal was untimely, and finally (5) Plaintiff's patent and antitrust counter-counterclaims were made conditional on Defendants' pending motions in order to preserve Plaintiff's ability to argue those claims later, if at all. <u>See</u> <u>generally</u> Pl.'s Reply Br., Dkt. No. 35 (arguing that, at minimum, the state contract claims should be remanded).

### b. Defendants' Motions to Dismiss for Failure to State a Claim

Defendants Mindray DS, Shenzen Mindray, and Mindray International each filed motions to dismiss the complaint. Mindray DS argues that the first-filed rule effectively bars Masimo from instituting a duplicative action in New Jersey while the California Action is pending, as both actions "target substantially the same party and the same allegedly wrongful conduct." <u>See</u> Mindray DS Brief in Supp. Mot. To Dismiss, Dkt. No. 5, p. 5-9. Alternatively, Mindray DS requests a stay of this matter until the California Action is resolved.

Shenzen Mindray seeks dismissal on jurisdictional grounds; it posits that Masimo's theory of liability and jurisdiction—that Shenzen is Mindray DS's alter ego—is specious, conclusory, and bereft of factual support. <u>See</u> Shenzen Brief in Supp. Mot. To Dismiss, Dkt. No. 7, p. 2-3.

Lastly, Mindray International moves for dismissal of the complaint for reasons identical to those advanced by Shenzen Mindray. It asserts that as a Cayman Islands corporation with no minimum contacts with New Jersey, this Court has no basis to exercise personal jurisdiction. Further Mindray International posits that "Masimo's legally conclusory alter ego allegations do not, and cannot, support *in personam* jurisdiction over MMIL." See MMIL Brief in Supp. Mot. To Dismiss, Dkt. No. 6, p. 1.

### c. Masimo's Cross-Motion to Dismiss Defendants' Counterclaims

Plaintiff cross-moves to dismiss Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). See Dkt. No. 24, p. 21. Plaintiff bases its motion on the first-filed rule, arguing that the Defendants' filing of almost identical patent and anti-trust counterclaims in the California Action bars the adjudication of said claims in the New Jersey Action. Id. Furthermore, Plaintiff argues that because Defendants successfully argued, in the California Action, that the forum selection clause directed resolution of Plaintiff's contract claim to New Jersey, Defendants are claim precluded from arguing before this Court that New Jersey is an improper venue. See generally Pl.'s Cross Mot. to Dismiss, Dkt. No. 24 (also arguing for judicial estoppel).


**DISCUSSION**

**A. Motion to Remand**

   **a. Legal Standard**

As a preliminary matter, a district court has subject matter jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331. A claim "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of

a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-8, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction to hear the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over an action when there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 or when there is federal question jurisdiction pursuant to 28 U.S.C. § 1331. *Cabibbo v. Parsons Inspection & Maintenance Corp.*, 2009 U.S. Dist. LEXIS 87537, 2009 WL 3074731, at *3 (D.N.J. Sept. 23, 2009). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (internal citations omitted).

Where a case has been removed to federal court on the basis of federal question jurisdiction, a district court may remand the case back to state court when all federal claims have been dropped and only pendent state law claims remain. *Monk v. New Jersey*, 2014 U.S. Dist. LEXIS 140276, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (internal citations omitted); see also *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 347, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). A district court "may decline to exercise supplemental jurisdiction over a claim. . . if . . .the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The general approach is for a district court to. . .hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *Schaffer v. Twp. of Franklin*, 2010 U.S. Dist. LEXIS 18447, 2010 WL 715349, *1 (D.N.J. Mar. 1, 2010).

In this District, courts have declined to exercise supplemental jurisdiction over state law claims where the federal claims were eliminated by amendment, and the action was in its early stages. See, e.g., *Alicea v. Outback Steakhouse, et al.*, 2011 U.S. Dist. LEXIS 65551, 2011 WL

9

2444235 (D.N.J. June 9, 2011) and 2011 U.S. Dist. LEXIS 47571, 2011 WL 1675036 (D.N.J. May 3, 2011) (declining to exercise supplemental jurisdiction and remanding the action where Plaintiff amended complaint and dropped federal claims); *Bonanni v. Purdy*, 2013 U.S. Dist. LEXIS 175055, 2013 WL 6579129, at *2 (D.N.J. Dec. 13, 2013) (remanding and declining to retain supplemental jurisdiction where Plaintiff amended complaint to eliminate federal claim where initial reference to federal claim was allegedly inadvertent); *Pacheco v. Rosenberg*, 2013 U.S. Dist. LEXIS 19272, 2013 WL 588246 (D.N.J. Feb. 13, 2013) and 2013 U.S. Dist. LEXIS 20071, 2013 WL 588225, at *5 (D.N.J. Jan. 24, 2013) (remanding the action and declining to exercise supplemental jurisdiction over state claims, where party voluntarily dismissed federal claims); *Cabibbo*, 2009 U.S. Dist. LEXIS 87537, 2009 WL 3074731, at *7 (remanding the action after Plaintiff amended complaint to leave only state law claims). See also *Andre Simmons v. New Jersey Dept. of Corrections*, 2015 U.S. Dist. LEXIS 70796, 2015 WL 3488137, *4 (D.N.J. June 2, 2015) ("Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.").

While courts consider the possibility of forum manipulation when a party drops or dismisses its federal claims, this is "but one factor to be considered among the factors of economy, convenience, fairness, and comity." See *Cabibbo*, 2009 U.S. Dist. LEXIS 87537, 2009 WL 3074731, at *7 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). In *Cabibbo*, the court remanded an action despite defendants' suggestion that plaintiff's withdrawal of preempted claims after removal constituted forum manipulation. 2009 U.S. Dist. LEXIS 87537, [WL] at *7. The court noted that, in withdrawing the claims, plaintiff may have realized that those claims were unlikely to succeed. Id. The court also noted that it had

not expended substantial resources on the case; the case was in its initial phases; and plaintiff was attempting to vindicate substantive state rights independent of the former claims. Id.

### b. Analysis

Masimo argues that this case was improperly removed in the first instance. In Plaintiff's view, thirty-four of Defendants' thirty-five counterclaims are duplicative and should be dismissed pursuant to the "first filed rule" as they were initially filed in the California Action and are still pending before that court. Plaintiff further argues that Defendants invoke federal question jurisdiction based on non-compulsory patent infringement counterclaims—that is, the patent infringement counterclaims are not essential to resolution of the underlying contract law claims— and therefore do not meet the requirements of 28 U.S.C. §1454, the federal statute which permits removal based on a counterclaim. As to Defendants' antitrust counterclaims, Plaintiff contends that they do not provide a basis for removal because they remain subject to the well-pleaded complaint rule, which "provides that federal jurisdiction exists only when a federal question is presented on the face of the *plaintiff's* properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (emphasis added).

As an initial matter, it should be noted that Masimo conceded during oral argument that the Defendants' patent counterclaims would not be appropriate for remand and "should be adjudicated" in federal court. See Dkt. No. 45, 11:11-23.

In response to Plaintiff's contention that Defendants' antitrust counterclaims do not benefit from the so-called "Holmes Group fix" Defendants point to subsection (d)(1) of Section 1454, which reads:

> (d) Remand. If a civil action is removed solely under this
> section, the district court—

11

> (1) shall remand all claims that are neither a basis for removal under subsection (a) nor within the *original* or supplemental jurisdiction of the district court under any Act of Congress . . .

28 U.S.C. §1454(d)(1) (emphasis added).

Essentially, Defendants contend that removal can be sought upon the filing of any counterclaim which implicates the areas of law that fall within the original or supplemental jurisdiction of the federal court. Defendants maintain that antitrust claims, and their counterclaims brought under the Sherman Act are squarely within this Court's original and exclusive jurisdiction and are therefore a proper basis for removal. However, the purpose of Section 1454, which can be discerned from its legislative history, belies Defendants' theory.

Under the well-pleaded complaint rule, a suit "arises under" federal law, and is appropriate for removal, only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983); *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908). Because a federal defense or counterclaim to a plaintiff's state law cause of action ordinarily does not appear on the face of a well-pleaded complaint, the defendant's pleadings, barring certain statutory exceptions, are routinely deemed insufficient to justify removal to federal court. *See e.g. Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987) ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted under [a federal statute] does not establish that they are removable to federal court."); *Gully v. First Nat'l Bank*, 299 U.S. 109, 115-18, 81 L. Ed. 70, 57 S. Ct. 96 (1936) (similar).

Generally, federal district courts have original jurisdiction over "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Such claims, if filed in state

12

court, may be removed to federal court under 28 U.S.C. § 1441. In *Holmes Group v. Vernado Circulation Systems, Inc.*, the Supreme Court limited this jurisdiction by holding that the ability of the Federal Circuit, which hears virtually all appeals of patent cases, to hear cases "arising under" federal law was governed by the well pleaded complaint rule, thus requiring subject matter jurisdiction to be determined by the plaintiff's complaint. 535 U.S. 826, 830, 153 L. Ed. 2d 13, 19, 122 S. Ct. 1889, 1893 (2002).

In response to *Holmes*, Congress enacted the Leahy-Smith America Invents Act ("AIA") (Pub. L. No. 112–29, § 19(c)(1), 125 Stat. 332 (2011)), also known as the "Holmes Group Fix" (H.R. Rep. No. 112-98, at 81 (2011)), which effectively nullified *Holmes* by allowing federal patent law counterclaims to serve as a basis for removal to federal court. In so doing, Congress devised a new removal statute dedicated to the removal of patent cases.

While the legislative history of the AIA, also known as House Report on H.R. 1249 ("House Report"), provides little clarification about the Holmes Group fix in particular, it notes: "The Act clarifies the jurisdiction of the U.S. District Courts and stipulates that the U.S. Court of Appeals for the Federal Circuit has jurisdiction over *appeals involving compulsory patent counterclaims*." H.R. 1249, Pub. L. No. 112-29 (2006) (adopted from Committee Report accompanying H.R. 2955, in which it appears) (emphasis added). In addition, when Representative Lamar Smith, Chairman of the Subcommittee on Courts, the Internet, and Intellectual Property introduced H.R. 2955 to the full House on June 16, 2005, he explained that the bill, if signed into law, would serve the following three goals:

> First, to prevent state courts from acquiring jurisdiction over *patent matters*, the bill amends the second sentence of §1338(a) as follows: "No state court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to *patents, plant variety protection, or copyrights*."

> Second, H.R. 2955 amends 28 U.S.C. § 1295 (the statute defining Federal Circuit jurisdiction) by giving the court exclusive appellate jurisdiction "of an appeal from a final decision of a [U.S. district court] in any civil action in which a party has asserted a claim for relief arising under any Act of Congress relating to *patents or plant variety protection*."
>
> Finally, H.R. 2955 creates a new federal removal statute that would allow *patent issues* in a state action to be removed to U.S. district court while other state or supplementary matters would be remanded back.
>
> This ensures that federal courts will continue to exercise exclusive jurisdiction over *patent cases* as they have since at least 1836.
>
> This provision also promotes administrative efficiencies by obviating the need for a state litigant to file a second suit to address *patent claims* in federal court.

Id., p. 18 (emphases added).

Clearly, by enacting Section 1454, Congress sought to ensure that patent law claims would be adjudicated in federal court. If it had intended to undo the well-pleaded complaint rule by permitting removal based upon any and all counterclaims that raise a federal question, it would have done so more explicitly. While this Court acknowledges that 1454(d)(1) is somewhat ambiguous, it nonetheless rejects the expansive reading that Defendants propose. As such, Defendants' antitrust counterclaims are subject to remand.

In light of the foregoing, the only impediment to remand is the Defendants' patent counterclaims and Plaintiff's patent counter-counterclaims. Rule 42(b) provides that the Court may order a separate trial of claims, counterclaims, or issues "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Fed. R. Civ. Proc. 42(b); see also *Ellingson Timber Co. v. Great N. Ry. Co.,* 424 F.2d 497, 499 (9th Cir. 1970) ("One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues."). Here, the patent counterclaims at bar have also been asserted in the California Action, where trial is

scheduled to commence within months. In furtherance of judicial expedition and economy, the patent law counterclaims and counter-counterclaims in this matter will be severed and stayed pending the resolution of the California Action.

Furthermore, because Plaintiff's claims are based upon state law and Defendants' antitrust counterclaims do not trigger exclusive federal question jurisdiction pursuant to Section 1454, those claims will be remanded to the Superior Court of New Jersey. This Court also declines to exercise supplemental jurisdiction over any state law counterclaims that may have been asserted in this matter. Such claims are likewise remanded to the state court.

**B.  Defendants' Motions to Dismiss**

Defendants Mindray DS, Shenzen Mindray and Mindray Medical filed separate motions seeking to dismiss the complaint, however, because this matter has been partially remanded and partially stayed, the pending motions to dismiss will be dismissed as moot. See Dkt. Nos. 5, 6, 7.

**C.  Plaintiff's Cross-Motion to Dismiss**

Similarly, given this Court's ruling on Plaintiff's motion to remand, Plaintiff's cross-motion to dismiss will be dismissed as moot. See Dkt. No. 24.

**CONCLUSION**

For the reasons expressed above, Plaintiff's motion to remand (Dkt. No. 19.) is **GRANTED IN PART**. Plaintiff's state law claims, Defendants' antitrust counterclaims, and Plaintiff's antitrust counter-counterclaims will be remanded to state court. Defendants' patent counterclaims as well as Plaintiff's patent counter-counterclaims are hereby severed and stayed pursuant to Rule 42(b) pending the resolution of a related matter in the United States District Court

for the Central District of California. As a result, this matter will be **ADMINISTRATIVELY TERMINATED** with the right to reopen upon the conclusion of the California Action. Defendants' motions to dismiss (Dkt. Nos. 5, 6, and 7) and Plaintiff's cross-motion to dismiss (Dkt. No. 24) are **DISMISSED AS MOOT**. An appropriate order will be filed with this Opinion.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:  Clerk
cc:    Parties
       Steven C. Mannion, U.S.M.J.

16